LAW OFFICES OF LAYNE K. FRIEDRICH
Layne Friedrich (Bar No. 195431)
   Email: lkfriedrich.law@gmail.com
725 Fano Lane
Sonoma, CA 95476
Telephone: (415) 819-3625
Facsimile: (518) 713-1658

*Attorneys for Plaintiff*
CALIFORNIA SPORTFISHING PROTECTION ALLIANCE

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA SPORTFISHING PROTECTION ALLIANCE, a California non-profit corporation,<br><br>    Plaintiff,<br>vs.<br><br>SECURITY CONTRACTOR SERVICES, INC., a California corporation,<br><br>    Defendant. | Civil Case No. 2:15-cv-00760-MCE-AC<br><br>**CONSENT DECREE MODIFICATION; ORDER**<br><br>**(Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq*.)** |

# CONSENT DECREE

The following Consent Decree Modification is entered into by and between Plaintiff California Sportfishing Protection Alliance ("Plaintiff" or "CSPA"), and Defendant Security Contractor Services, Inc. ("Defendant" or "SCS"). The entities entering into this Consent Decree Modification are collectively the "Settling Parties."

**WHEREAS**, CSPA is a 501(c)(3) non-profit public benefit conservation and research organization established in 1983 for the purpose of conserving, restoring, and enhancing the state's water quality, wildlife, fishery resources, aquatic ecosystems, and associated riparian habitats;

**WHEREAS**, Defendant is the owner and/or operator of the metal and fabricated wire manufacturing facility located at 5339 and 5311 Jackson Street, in North Highlands, California 95660 ("SCS Facility" or "Facility");

**WHEREAS,** on May 16, 2016, the Court entered the Settling Parties' Consent Decree setting forth terms and conditions appropriate to resolving the allegations set forth in the Complaint without further proceedings and without any admission of liability on the part of the Defendant (Dkt. No. 30);

**WHEREAS**, the Settling Parties have been engaged in informal meet and confer proceedings pursuant to Consent Decree paragraph 39 in an effort to resolve certain disputes related to best management practices ("BMPs") at the Facility, storm water discharge locations and sampling, and stipulated payments;

**WHEREAS**, the Central Valley Regional Water Quality Control Board ("Regional Board") allowed SCS to partially terminate General Permit for Storm Water Discharges Associated with Industrial Activities, National Pollutant Discharge Elimination System Permit No. CAS000001, Order 2014-0057-DWQ ("Permit") coverage based on the Regional Board's agreement with SCS's position that operations in Drainage Area B are not industrial;

**WHEREAS**, on November 1, 2017, CSPA filed a Petition for Review of the Regional Board's Action of Approving A Change of Information Allowing Partial Termination of Permit Coverage ("Petition") with the California State Water Resources Control Board, seeking to overturn the Regional Board's approval of SCS's partial termination of Permit coverage;

1       **WHEREAS**, the California State Water Resources Control Board denied CSPA's Petition by operation of law by taking no action on CSPA's Petition within the 90-day review period;

     **WHEREAS**, on February 28, 2018, CSPA filed a Verified Petition for Writ of Mandate in the Superior Court for San Francisco County, Case No. CPF-18-516070, seeking court review of changes made to Permit coverage at the Facility ("Writ Petition");

     **WHEREAS**, paragraph 54 of the Consent Decree provides that any provisions of the Consent Decree may be changed, waived, discharged, or terminated by written instrument signed by the Settling Parties only;

     **WHEREAS**, the Settling Parties agree that certain changes to paragraphs 13, 15.1, 16, 17, 18.2, 21, and 32 of the Consent Decree are warranted;

     **WHEREAS**, the Settling Parties agree this Consent Decree Modification is entered into to resolve their current disputes related to BMPs at the Facility, storm water discharge locations and sampling, and stipulated payments and ends the current informal dispute resolution negotiations;

     **WHEREAS**, all actions taken by Defendant pursuant to this Consent Decree Modification shall be made in compliance with all applicable Federal and State laws and local rules and regulations.

     **NOW THEREFORE IT IS HEREBY STIPULATED BETWEEN THE SETTLING PARTIES AND ORDERED AND DECREED BY THE COURT AS FOLLOWS:**

    **I.**     **EFFECTIVE DATE AND EFFECT OF MODIFICATION.**

    1.     The term "Effective Date" as used in this Consent Decree Modification shall mean the date that all Settling Parties have signed.

    2.     This Consent Decree Modification is incorporated into the Consent Decree and any Consent Decree terms not listed in paragraphs 5 through 9, below, remain in full force and effect as set forth therein.

    **II.**     **COMMITMENTS OF THE SETTLING PARTIES.**

    3.     <u>Dismissal of Writ Petition</u>. Within seventy-five (75) days of receipt of a revised Storm Water Pollution Prevention Plan ("SWPPP") that meets the requirements of paragraph 5, below, CSPA shall voluntarily dismiss its Writ Petition with prejudice.

    4.     <u>Deferral and Possible Waiver of Disputed Stipulated Payments</u>. CSPA shall defer seeking

payment of $13,000.00 in stipulated payments CSPA alleges are currently due pursuant to Consent Decree paragraph 36 until the end of the Consent Decree term, which is defined at Consent Decree paragraph 8. In the event Defendant achieves full compliance with Consent Decree paragraph 32 as modified herein, CSPA shall waive the currently disputed stipulated payments at the end of the Consent Decree term. CSPA shall confirm such waiver in writing, if applicable, on the Consent Decree termination date, i.e., May 6, 2021. Disputes about Defendant's compliance with Consent Decree paragraph 32 as modified herein shall be resolved pursuant to Section III of the Consent Decree and shall be raised at least ten (10) days before the Consent Decree termination date. By entering into this paragraph the Settling Parties do not waive any objections, positions, or arguments as to when stipulated payments are due under Consent Decree paragraph 36, and expressly preserve all rights to raise any such objections, positions, or arguments in the event further informal and/or formal dispute resolution is necessary. Defendant also reserves any rights, objections, positions, and/or arguments as to the basis, existence, and validity of the $13,000.00 in stipulated payments that CSPA alleges are currently due, herein.

5. <u>Modification to Consent Decree Paragraph 13</u>. In addition to the BMPs described in Consent Decree paragraph 13, within forty-five (45) days of the Effective Date, Defendant shall implement the following BMPs in the rental portion of the area of the Facility that discharges to SP-1 ("Drainage Area B"):

    5.1. Defendant shall (a) install a 10,000-gallon storage tank within Drainage Area B, (b) construct a small sump if necessary, and (c) use a mobile pump to convey the volume of storm water generated from the 85th percentile 24-hour storm event from Drainage Area B to the 10,000 gallon storage tank and then to portion(s) of the Facility where runoff is treated.

Defendant shall modify its SWPPP to incorporate these BMPs into Section 7.2 ("NEC Checklist") of the SWPPP dated September 2017, and provide the revised SWPPP to CSPA pursuant to Consent Decree paragraph 29.

6. <u>Modification to Consent Decree Paragraph 15.1</u>. Subparagraphs 15.1-15.4 of the Consent Decree identify the storm water sample locations at the Facility from which the Consent

Decree requires that Defendant collect storm water samples ("Sample Location(s)"). After installation of the BMP listed in paragraph 5, above, Defendant may eliminate SP-1 as a Sample Location for purposes of the Consent Decree and this Consent Decree Modification.

7. <u>Modification to Consent Decree Paragraph 21</u>. Defendant shall continue to comply with the visual observation requirements of Consent Decree paragraph 21 at to SP-1.

8. <u>Modification to Consent Decree Paragraph 32</u>. Consent Decree paragraph 32 is modified to include the following clarifications:

    8.1. Communications (e.g., emails, letters, faxes, Stormwater Multiple Application and Report Tracking System ("SMARTs") submissions) related to water quality at the Facility include, but are not limited to, communications related to the Facility storm water program, BMPs, sampling, and Permit coverage. Communications related to water quality at the Facility do not include communications about the technical logistics of, or troubleshooting the use of, the SMARTs platform.

    8.2. CSPA will be copied (cc'd or bcc'd) on all emails related to water quality at the Facility from SCS, GSI, Keramida, and/or any other consultant retained by Defendant to assist in compliance with the terms of the Consent Decree and/or this Consent Decree Modification ("New Consultants") (GSI, Keramida, and New Consultants are hereby referred to collectively as "Consultants") to the Regional Board, the State Board, and/or any State or local agency or municipality at the time they are sent to the relevant government entity at the email addresses listed for CSPA in Consent Decree paragraph 51.

    8.3. Copies of any letters related to water quality at the SCS facility from SCS and/or any of its Consultants to the Regional Board, the State Board, and/or any State or local agency or municipality will either be post marked and mailed to CSPA on the same day that they are sent to the relevant government entity or sent via email on the same day they are sent.

    8.4. Faxes related to water quality at the SCS facility from SCS and/or any of its

Consultants to the Regional Board, the State Board, and/or any State or local agency or municipality will be emailed to CSPA the same day they are sent. The sending party will include a scan of the fax transmittal sheet with the email to confirm when the fax was sent.

    8.5. A date stamped screen shot will be taken of a SMARTs filing after the form is complete but prior to completing the submission and will be emailed to CSPA before close of business on the day the submission is made.

9. <u>Modification to Consent Decree Paragraph 18.2</u>. Pursuant to Consent Decree paragraph 18.2, the Settling Parties agree that Defendant shall install its planned advanced treatment control measures no later than July 1, 2018 given that due to Force Majeure the time needed to design, procure, and install the necessary equipment it was not possible for Defendant to completely install those measures by October 1, 2017.

10. <u>Authority</u>. The undersigned representatives for Plaintiff and Defendant each certify that he/she is fully authorized by the party whom he/she represents to enter into the terms and conditions of this Consent Decree Modification.

11. The provisions of this Consent Decree Modification apply to and bind the Settling Parties, including any successors or assigns. The Settling Parties certify that their undersigned representatives are fully authorized to enter into this Consent Decree Modification, to execute it on behalf of the Settling Parties, and to legally bind the Settling Parties to its terms.

12. The Settling Parties agree to be bound by this Consent Decree Modification and not to contest its validity in any subsequent proceeding to implement or enforce its terms. By entering into this Consent Decree Modification, the Defendant does not admit liability for any purpose as to any allegation or matter arising out of this Action.

IN WITNESS WHEREOF, the undersigned have executed this Consent Decree Modification as of the last date set forth below.

APPROVED AS TO FORM

LAW OFFICES OF LAYNE K. FRIEDRICH

Dated: _____, 2018          By: _____
                              Layne Friedrich
                              Attorneys for Plaintiff

CASTELLÓN & FUNDERBURK LLP

Dated: _____ 2018        By: _____
                              William Funderburk
                              Attorneys for Defendant

APPROVED AS TO CONTENT

Dated: _____ 2018             By: _____
                              Bill Jennings
                              California Sportfishing Protection Alliance


Dated: _____ 2018        By: _____
                              Mr. Barry Marrs
                              Security Contractor Services

    IT IS SO ORDERED.

Dated: June 19, 2018

                                                         */s/ Morrison C. England, Jr.*
                                                        MORRISON C. ENGLAND, JR
                                                        UNITED STATES DISTRICT JUDGE